IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD J. HARRIS, | : | |
|     Plaintiff | : | |
| | : | No. 1:15-cv-1411 |
| v. | : | |
| | : | (Judge Kane) |
| J.A. ECKARD, SUPERINTENDENT, et al., | : | |
|     Defendants | : | (Magistrate Judge Saporito) |
| | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Presently before the Court in the above-captioned action is a Report and Recommendation of Magistrate Judge Saporito (Doc. No. 65), recommending that the Court adopt his findings of fact and conclusions of law regarding Defendants' affirmative defense of failure to exhaust administrative remedies, and enter judgment in favor of Defendants and against Plaintiff pursuant to Rule 58 of the Federal Rules of Civil Procedure. By way of providing context to the Report and Recommendation, the Court briefly summarizes the relevant procedural history of this case.

    Plaintiff filed this pro se action asserting a civil rights claim under 42 U.S.C. § 1983 against three prison officials, J.A. Eckard, B. Hollibaugh, and W.S. Walters, regarding the conditions of his confinement at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), stemming from his involuntary and extended exposure to secondhand tobacco smoke from cellmates. (Doc. No. 1.) Defendants subsequently filed a motion for summary judgment, arguing, among other things, that Plaintiff failed to exhaust his administrative remedies. (Doc. No. 27.) Specifically, they maintained that Plaintiff failed to include a request

1

for monetary compensation in his original inmate grievance, as required by prison regulations, precluding his action in this Court pursuant to 42 U.S.C. § 1997e(a). (Doc. No. 27.) The Court denied Defendants' motion for summary judgment on the exhaustion issue, and directed Magistrate Judge Saporito to conduct a hearing regarding Plaintiff's claim for monetary damages and Defendants' assertion of the affirmative defense of failure to exhaust administrative remedies and to submit proposed findings of fact and conclusions of law on the issue. (Doc. No. 47.) Magistrate Judge Saporito convened such a hearing on September 26, 2017, at which four witnesses testified and fifteen exhibits were admitted into evidence. (Doc. No. 59.) After the parties submitted proposed findings of fact and conclusions of law (Doc. Nos. 62, 63, 64), Magistrate Judge Saporito issued the pending Report and Recommendation (Doc. No. 65), wherein he recommends that this Court find that Defendants met their burden of proof to demonstrate that Plaintiff failed to properly exhaust administrative remedies prior to bringing this lawsuit, due to his failure to include a request for monetary compensation in his original inmate grievance. (Doc. No. 65 at 21-28.)

Since the issuance of Magistrate Judge Saporito's Report and Recommendation, the Court has received two filings from Plaintiff. Specifically, on January 4, 2018, Plaintiff filed a "Request for Stay of Proceedings in Order to Properly Exhaust Administrative Remedies Including Claim for Monetary Compensation." (Doc. No. 66.) He also filed an Objection to the Report and Recommendation on January 10, 2018. (Doc. No. 67.) The Court has considered Plaintiff's filings, and has determined that neither filing takes issue with Magistrate Judge Saporito's ultimate recommendation or his application of the law to the facts of this case. Rather, both filings refer to Federal Rule of Civil Procedure 60(b)'s provision permitting a court

to provide relief from a final judgment or order for reasons including mistake, excusable neglect, or fraud. See Fed. R. Civ. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding"). Pursuant to that Rule, Plaintiff asks this Court to relieve him of Magistrate Judge Saporito's Report and Recommendation on the ground that he made an excusable mistake by omitting a reference to monetary compensation from his prison grievance. (Doc. Nos. 66, 67.) However, the Court notes that Magistrate Judge Saporito's Report and Recommendation is not a final judgment or order; accordingly, Plaintiff's reliance on Rule 60(b) as a means to challenge the Report and Recommendation is misplaced. Further, Plaintiff's request that this Court stay these proceedings in order to permit him to re-file his grievance and include a request for monetary compensation (and thereby properly exhaust administrative remedies), is not well taken. If Plaintiff were to attempt to re-file a grievance now regarding the events that are the subject of this lawsuit, which occurred on or about March of 2015, in an attempt to exhaust a claim for monetary compensation based on those events, any such grievance would be denied as untimely. See Defs' Exh. E at 1-2 (DC-ADM 804 Procedures Manual § 1(A)(9) (eff. May 1, 2014)) ("The inmate must submit a grievance to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based.").

Because Plaintiff failed to assert a claim for monetary damages at any time in the administrative grievance process, the Court finds that he failed to properly exhaust his claim for monetary damages with respect to his Section 1983 claims alleging deliberate indifference to involuntary exposure to secondhand tobacco smoke. See Mobley v. Snyder, No. 1:13-cv-00772, 2015 WL 5123909, at *9 (M.D. Pa. Sept. 1, 2015)(finding that damages claim not properly exhausted where inmate failed to request monetary compensation in his initial grievance);

3

Sanders v. Beard, No. 3:09-cv-1384, 2013 WL 1703582, at *6 (M.D. Pa. Apr. 19, 2013) (same); Collins v. Walsh, No. 1:09-cv-1932, 2012 WL 3536803, at *3 (M.D. Pa. Aug. 15, 2012) (same).

**AND SO**, on this 2nd day of February 2018, upon independent review of the record and the applicable law, and in accordance with the above discussion, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 65), of Magistrate Judge Saporito;

2. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff; and

3. The Clerk is directed to **CLOSE** this case.

    s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania